IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DAVID QUACH,                    )    CIVIL NO. 2:08-00664 HWG-SOM
                                )
           Plaintiff,           )
                                )    SCREENING ORDER DISMISSING
     vs.                        )    COMPLAINT WITH LEAVE TO AMEND
                                )
J. APPLEBERRY; J. EDWARDS;      )
L. SWEIGERT; J.L. PULSIPHER;    )
G. THUMSER; P. MANDEVILLE;      )
and S. HUBBARD,                 )
                                )
           Defendants.          )
_____
```

SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

I.      INTRODUCTION.

On March 27, 2008, pro se Plaintiff David Quach, a California prisoner incarcerated at Atascadero State Hospital in Atascadero, California, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding in forma pauperis.

Quach was put into administrative segregation on April 4, 2007, pending an investigation of injuries to himself, his bunk-mate, and one other inmate.  Defendant Sergeant Appleberry conducted the investigation on April 10, 2007, and recorded statements from several confidential sources.  As a result, Quach was accused of committing battery on his bunkmate.

Prior to his hearing on April 24, 2007, Quach was assigned an investigative employee ("IE"), who did not investigate as thoroughly as Quach requested.  At the hearing, Quach alleges that Defendant Sweigert, the hearing officer, did

not allow Quach to call witnesses or explain his version of the incident. Quach was found to have battered an inmate.

Quach notified Defendant Pulsipher, the Investigative Service Unit Lieutenant, that he believed Appleberry had fabricated the charges against him. Quach then wrote to Defendant Mandeville, the Associate Warden, and lodged the same complaint. No action was taken, but Mandeville encouraged Quach to appeal if he wished to challenge any finding.

Quach appealed to the Chief of Appeals in Sacramento, alleging that his due process rights had been violated. The appeal was partially granted. Quach was granted another hearing and assigned a new IE. The IE investigated everything Quach requested, save for interviewing the confidential sources. At the new hearing, on December 8, 2007, Quach was found not to have battered an inmate, and the accusation against him was dismissed.

Quach claims that he suffered physical and emotional problems as a result of this incident, violating his Eighth Amendment right to be free from cruel and unusual punishment. He also asserts a violation of his Fourteenth Amendment right to due process, as he was placed in administrative segregation for 180 days during this disciplinary proceeding.

After reviewing the petition pursuant to 28 U.S.C. § 1915(e)(2), the court has determined that Quach's Complaint does not state a claim. Accordingly, the Complaint is DISMISSED.

2

Quach is granted leave to amend his Complaint to state viable claims no later than March 20, 2009.

II.     ANALYSIS.

A claim arises under 42 U.S.C. § 1983 against one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The Supreme Court has cautioned that this section "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 (1979). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws." Id., 443 U.S. at 140.

> A.  Quach's Alleged Emotional Injuries Are Not Sufficient to Constitute an Eighth Amendment Violation.

Quach alleges that he suffered emotional and psychological injuries as a result of the disciplinary proceedings against him. He asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment on

3

this basis.  However, 42 U.S.C. § 1997e(e) provides, "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Quach does not allege that he sustained any physical injury as a result of the prison administrators' action.  Therefore, he has failed to state a § 1983 claim on this basis.

   B. Quach Did Not Have a Liberty Interest in Avoiding Administrative Segregation.

Quach asserts that his placement in administrative segregation violated his rights under the Due Process Clause of the Fourteenth Amendment, which proscribes state action that tends to "deprive any person of life, liberty, or property without due process of law . . . " U.S. Const. amend. XIV, § 1.  To establish a violation, Quach must demonstrate that one of these interests is at stake.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Quach alleges a deprivation of his liberty without due process of law.  "A liberty interest may arise from either of two sources: the due process clause itself or state law."  Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir. 1986).

Under the Constitution, "an informal, nonadversary evidentiary review is sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an

4

investigation into misconduct charges against him." Hewitt v. Helms, 459 U.S. 460, 476 (1983).  The Supreme Court determined that, to satisfy the Due Process Clause, "[a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation."  Id.

The Ninth Circuit has held that "the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100-1101.  With regard to confidential sources, the court has further held that, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation."  Id. at 1101.

Quach's allegations regarding the ineffectiveness of his IE, his inability to call witnesses, and his inability to cross-examine the confidential sources do not assert violations of the due process clause.  Quach also alleges that he was not allowed to speak on his behalf at the first hearing, an omission that was addressed by the appellate review and remedied by the granting of a new hearing.  The finding that he had committed battery was vacated, and the charge was dismissed.  It appears

that Quach has exhausted his administrative remedies, pursuant to § 1997e(a), and he has obtained relief.  Without any existing harm, this court can provide no additional relief.

State law may yet give rise to a liberty interest in avoiding particular conditions of confinement.  Sandin v. Conner, 515 U.S. 472 (1995).  Quach has not identified a violation of any state law, however.  He cites no statute or prison regulation that proscribes the administrative proceedings against him.

This court notes that a violation of state law in this context would only infringe upon a Quach's due process rights to the extent it "present[ed] a dramatic departure from the basic conditions of [his] sentence."  Sandin, 515 U.S. at 485.  The standard for identifying a liberty interest under a prison policy is whether the policy "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  Quach has not alleged that his temporary segregation imposed a significant hardship or a dramatic departure from the basic conditions of his sentence, nor could he.  "[T]he Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence."  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

III.	CONCLUSION.

As Quach's Complaint fails to establish a § 1983 violation, the Complaint is DISMISSED.  However, Quach is granted

6

leave to file an amended Complaint by March 20, 2009, stating viable claims, if he is able to do so.  Any amended Complaint must be a complete document standing on its own; it may not simply incorporate by reference or attach the original Complaint. If Quach fails to amend his Complaint by March 20, 2009, the Clerk of Court is directed to automatically enter judgment against him pursuant to this order.

Quach is further notified that if judgment is entered against him (i.e., if this action is dismissed), this action will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 19, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Quach v. Appleberry, et al.; Civil No. 2:08-00664 HWG-SOM; SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND.