IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DAVID QUACH,                    )    CIVIL NO. 2:08-00664 HWG-SOM
                                )
            Plaintiff,          )
                                )    SCREENING ORDER DISMISSING
       vs.                      )    AMENDED COMPLAINT
                                )
J. APPLEBERRY; J. EDWARDS;      )
L. SWEIGERT; J.L. PULSIPHER;    )
G. THUMSER; P. MANDEVILLE;      )
and S. HUBBARD,                 )
                                )
            Defendants.         )
_____ )
```

SCREENING ORDER DISMISSING AMENDED COMPLAINT

I.     INTRODUCTION.

On March 27, 2008, pro se Plaintiff David Quach, a California prisoner incarcerated at Atascadero State Hospital in Atascadero, California, brought a civil rights action pursuant to 42 U.S.C. § 1983 against officials at California Medical Facility, where he was formerly incarcerated.  Plaintiff is proceeding in forma pauperis.  This court dismissed Quach's original Complaint with leave to amend on February 20, 2009. Quach filed the present motion, titled "Leave to Amend Complaint and Memorandum," on May 19, 2009.  Defendants urge this court to deny the motion as moot because Quach was previously granted leave to amend his Complaint.  However, notwithstanding its title, Quach's motion is in substance an Amended Complaint, and the court treats it as such.  In the Amended Complaint, Quach renews his allegations that his Eighth and Fourteenth Amendment

rights were violated when disciplinary proceedings were brought against him. Having reviewed these allegations, this court concludes that Quach fails to state a cognizable claim. Accordingly, this court DISMISSES the Amended Complaint.

II.     FACTUAL BACKGROUND.

Quach was put into administrative segregation on April 4, 2007, pending an investigation of injuries that he, his bunkmate, and one other inmate had sustained. Defendant Sergeant J. Appleberry conducted the investigation on April 10, 2007, and recorded statements from several confidential sources. Quach claims that Appleberry fabricated the charges against him and tried to get false testimony from other inmates to support the charges. In support of this claim, Quach provides affidavits from two inmates who were interviewed by Applebery. One says that he felt pressure to implicate Quach, despite informing Appleberry on several occasions that he knew nothing about the incident. The other attests that he told Appleberry that Quach's bunkmate had injured himself by bumping his head on his bed.

The investigation led to an accusation that Quach had battered his bunkmate. Quach was held in administrative segregation for five months as the disciplinary proceedings unfolded.

At the first disciplinary hearing, Defendant L. Sweigert, the hearing officer, did not allow Quach to call

witnesses.  Quach says that he was given no reason for this denial.  At the conclusion of the hearing, Quach was found to have battered an inmate.

Quach notified Defendant J.L. Pulsipher, the Investigative Service Unit Lieutenant, that he believed Appleberry had fabricated the charges against him.  Quach then wrote to Defendant P. Mandeville, the Associate Warden, and lodged the same complaint.  No immediate action was taken, but Quach was encouraged to file an appeal.  Quach alleges that Pulsipher and Mandeville knew that he had been incorrectly assigned to administrative segregation but refused to respond to his concerns.

According to Quach, Defendant G. Thumpser and Defendant J. Edwards were the superintendents responsible for overseeing the department that charged Quach with battery.  Neither Thumpser nor Edwards intervened in these proceedings.  Quach asserts that their inaction prolonged his time in solitary confinement, in violation of his constitutional rights.

Quach appealed to the Chief of Appeals in Sacramento, alleging that his due process rights had been violated.  The appeal was partially granted.  Quach was granted another hearing, on December 8, 2007, at which Quach was found not to have battered an inmate.  The accusation against him was dismissed.

Quach claims that, given his pre-existing mental condition, he suffered emotional damage from these allegations and his solitary confinement, amounting to cruel and unusual punishment in violation of the Eighth Amendment. He also asserts a violation of his Fourteenth Amendment right to due process.

III.     ANALYSIS.

A claim arises under 42 U.S.C. § 1983 against one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

The Supreme Court has cautioned that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 (1979). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws." Id., 443 U.S. at 140.

   A.     Quach's Eighth Amendment Claim is Barred.

Quach alleges that he suffered emotional and psychological injuries as a result of the disciplinary

4

proceedings against him and his time in administrative segregation.  He asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment on this basis.  However, 42 U.S.C. § 1997e(e) provides, "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Courts in this circuit and elsewhere have affirmed the constitutionality of § 1997e(e) as applied to civil suits for Eighth Amendment claims.  The Seventh Circuit has noted that, because petitioners may still seek declaratory and injunctive relief for Eighth Amendment violations without being restricted by § 1997e(e)'s physical injury requirement, the statute "does not nullify the Eighth Amendment by leaving violations of it without remedy."  Zehner v. Trigg, 133 F.3d 459, 464 (7th Cir. 1997).  Instead of nullifying a constitutional right with this prohibition, Congress merely limited recovery for a cause of action that it created in its original authorization of § 1983 suits.  "Section 1997e(e)'s bar on these suits by prisoners is a permissible restriction on prisoners' ability to recover damages under 42 U.S.C. § 1983 and does not violate equal protection or separation of powers doctrine."  Walters v. Alameida, No. 04-0818, 2007 WL 518802 (N.D. Cal. Feb. 13, 2007).  The physical injury requirement has accordingly been enforced with respect to

Eighth Amendment claims for damages. "Failure to allege and establish an appropriate physical injury is ground for dismissal." Cooksey v. Hennessey, No. 07-3829, 2007 WL 2790365 (N.D. Cal. Sept. 20, 2007) (dismissing an inmate's § 1983 claim for alleged Eighth Amendment violations based on inadequate plumbing in his jail cell).

Although Quach documents his mental condition as reported by his case manager, Quach does not allege that he sustained any physical injury as a result of the prison administrators' action. Therefore, he fails to state a § 1983 claim on this basis.

      B.    Quach Did Not Have a Liberty Interest in Avoiding Administrative Segregation.

Quach asserts that his placement in administrative segregation violated his rights under the Due Process Clause of the Fourteenth Amendment, which proscribes state action that tends to "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV, § 1. To establish a violation, Quach must demonstrate that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Quach alleges a deprivation of his liberty without due process of law. "A liberty interest may arise from either of two sources: the due process clause itself or state law." Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir. 1986).

6

> 1. The Constitution Does Not Itself Give Rise to a Liberty Interest in Avoiding Administrative Segregation.

Under the Constitution, "an informal, nonadversary evidentiary review is sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him." Hewitt v. Helms, 459 U.S. 460, 476 (1983). The Supreme Court determined that, to satisfy the Due Process Clause, "[a]n inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." Id. The Ninth Circuit has elaborated that "the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100-1101. Quach's alleged inability to call witnesses at his original hearing was not a violation of the Due Process clause.

> 2. Quach Has Not Identified a State Law Giving Rise to a Liberty Interest in Avoiding Administrative Segregation.

This court turns next to state law to determine whether it recognizes a liberty interest in avoiding particular

conditions of confinement.  <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  Quach attaches as Exhibit A an excerpt from the California Department of Corrections and Rehabilitation Operations Manual that governs the prison's disciplinary appeal procedures.  Section 54100.18.2 provides that, following a disciplinary hearing, an appeal reviewer shall order a new hearing if "the accused was denied witnesses who would have contributed significant information at the disciplinary hearing," among other reasons.  As Quach was granted a new hearing on these grounds, it appears that there was no violation of this prison regulation.

This remedy on appeal arises out of an earlier regulation that Quach does not cite.  Section 52080.5.3 of the California Department of Corrections and Rehabilitation Operations Manual provides,

> An inmate may request friendly and adverse witnesses to attend the hearing.  Witnesses shall be called unless the person conducting the hearing denies the request for one of the following reasons:
>    *Endangerment of the witness.
>    *Determination that the witness has no
>        relevant information.
>    *The witness is unavailable.
> If an inmate's request for a witness is denied, the reasons shall be documented on the CDC form 115-A.

California Department of Corrections and Rehabilitation, Department Operations Manual, <u>available at</u>

http://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/DOM/DOM%20Ch%205-Printed%20Final.pdf (updated through Jan. 1, 2009).

Quach alleges that he was not given a reason for the denial of witnesses at his original hearing.  The Supreme Court has held, based on due process guarantees, that "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify."  Ponte v. Real, 471 U.S. 491, 497 (1985).  However, the Court clarified, prison officials need not provide an explanation on the administrative record at the disciplinary proceeding; they may satisfy due process "by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing."  Id.  Quach has arguably received a remedy for any potential violation through his administrative appeal.  Nonetheless, the court examines whether Quach had a liberty interest under state law in avoiding the time he spent in administrative segregation, such that he was owed an explanation by prison officials.

The Supreme Court has held that violations of prison policy only infringe on due process rights to the extent they "present a dramatic departure from the basic conditions of [the inmate's] sentence."  Sandin, 515 U.S. at 485.  The standard for identifying a liberty interest under a prison policy is whether the disciplinary action "imposes atypical and significant

9

hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.  Quach has alleged that several conditions were imposed pursuant to his placement in administrative segregation, and the court addresses each in turn.

Quach first alleges the loss of personal items, including his television, radio, mustache clippers, and watch, among others.  These alleged deprivations of personal property during the period of solitary confinement cannot be said to constitute a dramatic departure from the basic conditions of his sentence.  Even if Quach would have been allowed to have these items had he not been in solitary confinement, he points to no state law giving him the right to have such items.  It is not enough that he may, as a matter of fact, have been allowed to have such items when not in solitary confinement.  If he had no actual right to have these items when not in solitary confinement, the absence of those items while he was in solitary confinement cannot constitute a violation of his liberty interest.

Quach also contends that he was transferred to a different prison.  A transfer alone does not constitute a substantial hardship; prisoners have no liberty interest in avoiding being transferred to another prison.  See United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) ("A change in the place of [inmate's] confinement based upon an administrative

10

determination that his disruptive conduct required transfer to a higher security facility - even if 'punitive' - did not alter the original sentence."). Quach alleges the loss of visits from his family as a result of his transfer, claiming that he was relocated too far for his family to travel to see him. The court notes that "there is no constitutional right to access to a particular visitor." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (citing Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)). Nor is there a liberty interest in a condition ancillary to a legal transfer; as Quach retains no liberty interest in staying in any particular facility within the state, he has no liberty interest in remaining within a certain distance from his relatives.

Quach also alleges that he was denied contact visits as a condition of his solitary confinement. Prisoners have no constitutional right to contact visitation privileges. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). Nor does a temporary limitation on contact visits violate an inmate's Eighth Amendment rights. Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986) ("Denial of contact visitation simply does not amount to the infliction of pain.").

Quach alleges that he also lost access to the yard, but he later concedes that he was given yard access, just not enough to get the level of exercise he required. This does not

11

constitute a violation of a liberty interest or a violation of Quach's Eighth Amendment rights.  The Ninth Circuit has held that "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation."  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Quach does not allege any medical effects stemming from the reduction in his ability to exercise outdoors.

Instead, Quach has submitted documentation of his pre-existing mental condition, which includes post-traumatic stress syndrome and paranoid schizophrenia.  While his case manager noted an increase in depression and anxiety related to the accusations against him and to being in administrative segregation, this alone does not demonstrate that administrative segregation was an atypical and significant hardship.  Typicality is evaluated by the conditions of confinement in relation to ordinary procedures, not the experience of confinement.  In Sandin, the Court examined whether certain conditions imposed on the plaintiff "mirrored those conditions imposed upon inmates" in other contexts, not whether the plaintiff's experience mirrored the experiences of other inmates.  Sandin, 515 U.S. at 486.  The language of the law is that of objectively reasonable expectations, rather than subjective experiences.  As to this particular condition, "the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence."  May, 109

12

F.3d at 565. Quach has therefore not identified a liberty interest under state law.

IV.     CONCLUSION.

As Quach's Complaint fails to establish a § 1983 violation, the amended complaint is DISMISSED.

Quach is further notified that this action will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 19, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Quach v. Appleberry, et al.; Civil No. 2:08-00664 HWG-SOM; SCREENING ORDER DISMISSING AMENDED COMPLAINT.